IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOMMY OWENS                                                                                                             PLAINTIFF

v.                  Civil No. 5:24-cv-05045-TLB-CDC

OFFICER JASMINE SAMUEL, Bentonville                        DEFENDANTS
Police Department; OFFICER KEVIN
LUKE, Springdale Police Department;
Springdale Police Department; and
GILVERTO GARCIA, Walmart Supercenter
Corporation

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Tommy Owens ("Owens") pursuant to 42 U.S.C. § 1983. Owens proceeds *pro se* and *in forma pauperis.* He maintains his Constitutional rights were violated when he was illegally detained; his person and vehicle were illegally searched; his property was seized; and he was arrested by the Defendants.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Owens filed this case on February 20, 2024. (ECF No. 1). He was directed to file an Amended Complaint to cure deficiencies in the original Complaint. (ECF No. 6). Owens filed his

---

1 Enacted as part of the Prison Litigation Reform Act ("PLRA").

Amended Complaint on March 7, 2024. (ECF No. 7). It is the Amended Complaint that is before the Court for screening. (ECF No. 7).

On Sunday, September 10, 2023, Owens says he stopped at a Walmart Supercenter in Benton County, Arkansas, to purchase a few items before he headed to Chicago, Illinois. (ECF No. 7 at 6). At the time, he was driving a U-Haul truck. *Id.* Owens is apparently a truck driver as he states he had dropped off a shipment on the previous Friday at a Springdale business and was going to Chicago, Illinois to pick up a shipment. *Id.*

Owens was approached by Defendants Samuel, Luke, and Scallon. (ECF No. 7 at 6). Owens was detained and questioned by the officers regarding the breaking and entering and theft of money from registers at two Walmart stores. *Id.* Owens states he was told he met the description of the suspect which was: black male; 5'10" to 6'3" in height; 36-50 years old; with dreadlocks; and driving a U-Haul truck. *Id.* at 6 & 8. According to Owens, after he provided proof of his identification, he was informed that a Walmart associate, Defendant Garcia had found Owens' name in Walmart's database. *Id.* at 8.

Once Owens and Defendants Samuel, Luke, and Scallon, went to the U-Haul truck, it was thoroughly searched. (ECF No. 7 at 9). Various items including money and electronics were seized. *Id.* Owens was arrested and transported to the Lowell, Arkansas police station where he was given his Miranda rights and exercised his right to remain silent. *Id.* Owens was then transported to the Washington County Detention Center where he remains incarcerated. *Id.* at 1 & 9.

Owens objects to having been arrested with no citation or warrant. (ECF No. 7 at 10). He also contends the affidavit of probable cause for the issuance of the post-arrest warrant was deficient. *Id.* Specifically, he contends it contained no photographs, no social security number,

2

no indication of where he lived, no identification information, no signed Miranda statement, and no description of the cash and property seized. *Id.*

As relief, Owens seeks compensatory and punitive damages. (ECF No. 7 at 11). He also asks that Walmart be required to drop the criminal charges against him. *Id.* Finally, he seeks the return of his personal property. *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

3

framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Publicly available Arkansas court records[2] establish that Owens has been charged in the Washington County Circuit Court with two counts of breaking or entering and one count of theft of property of more than $1,000 but less than $5,000. *State v. Owens,* 72CR-23-2066.[3] The criminal information indicates the crimes occurred on or about September 9, 2023, at the Walmart on Elm Springs Road (count 1) and at the Walmart on S. Pleasant Street (count 2). *Id.* Although he is represented by counsel, Owens has filed *pro se* motions for dismissal, return of property, to suppress evidence, and various other motions. *Id.* All appear to have been denied on the basis that Owens is represented by counsel and all motions must be filed by his counsel. *Id.*

### A.  Claims Against Defendant Garcia

To establish a section 1983 claim, Owens must show that (1) he was deprived of a federal constitutional or statutory right (2) by a person acting under color of State law. 42 U.S.C. § 1983. Section 1983 "protects against acts attributable to a State, not those of a private person." *Lindke v. Freed,* ___ U.S. ___, 144 S. Ct. 756, ____ (2024). "To assess state action, this Court answers two questions. First, whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority. Second, whether the party engaging in the deprivation may be appropriately characterized as a state actor." *Roberson v. Dakota Boys & Girls Ranch,* 42 F.4th 924, 928 (8th Cir. 2022) (internal quotation marks and citations omitted). A

---

[2] The Court may take judicial notice of public records. *See e.g., Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[3] Arkansas Case Information. https://caseinfo.arcourts.gov/opad/case/72CR-23-2066 (last visited April 2, 2024).

private individual who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness does not act under color of law and therefore cannot be considered a State actor. *See Logan v. Knight,* Case No. 3:22-cv-03029, 2022 WL 2515174, *2 (W.D. Ark. June 15, 2022) (citing *Moldowan v. City of Warren,* 578 F.3d 351, 399 (6th Cir. 2009)); *Wickersham v. City of Columbia,* 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor"). Owens' claims against Defendant Garcia are subject to dismissal.

### B. Claims Against Defendants Samuel, Luke, and Scallon

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

In this case, all three questions are answered affirmatively. Owens makes no argument he cannot raise his claims in the state criminal case. Owens has not identified any extraordinary circumstances that suggest this Court should interfere with the state criminal case. Arkansas clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Owens cannot raise his

federal claims in the state criminal case. Owens federal claims are intertwined with his state criminal case. Abstention is appropriate in this case.

In cases where damages are sought, the Eighth Circuit, following applicable Supreme Court precedent, has emphasized that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id.* at 730.

### IV.  CONCLUSION

Accordingly, it is recommended that:

- All claims against Defendant Garcia be **DISMISSED WITHOUT PREJUDICE** and he be terminated as a Defendant; and

- The claims against Defendants Samuel, Luke, and Scallon be **STAYED and ADMINISTRATIVELY TERMINATED** pending the resolution of Owens' state criminal case. Owens will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Upon notice filed by the Defendants, the failure of Owens to file the Motion by the deadline will result in the summary dismissal of this case.

**Status of Referral:  The referral will terminate upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

**RECOMMENDED** this 3rd day of April 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE