IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOMMY OWENS                                                                                                  PLAINTIFF

v.                            Civil No. 5:24-cv-05045-TLB-CDC

OFFICER JASMINE SAMUEL, Bentonville                                                            DEFENDANTS
Police Department; OFFICER KEVIN
LUKE, Springdale Police Department;  and
OFFICER CHASE SCALLON

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Tommy Owens ("Owens") pursuant to 42 U.S.C. § 1983.  Owens proceeds *pro se* and *in forma pauperis*.  He maintains his Constitutional rights were violated when he was illegally detained; his person and vehicle were illegally searched; his property was seized; and he was arrested by the Defendants.

This is the second time this case has come before the Court for consideration.  On pretrial screening, the claims against Gilverto Garcia were dismissed and the claims against Officers Samuel, Luke, and Scallon were stayed and administratively terminated pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), by Order (ECF No. 11) entered on April 23, 2024.  Plaintiff was advised that he had thirty-days after final resolution of his pending criminal case to file a motion to reopen.  (ECF No. 11).

On August 21, 2024, Plaintiff filed a Motion to Reopen.  (ECF No. 12).   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on the pending Motion.

1

I.      **BACKGROUND**

Owens filed this case on February 20, 2024. (ECF No. 1). He was directed to file an Amended Complaint to cure deficiencies in the original Complaint. (ECF No. 6). Owens filed his Amended Complaint on March 7, 2024. (ECF No. 7). It was the Amended Complaint that was screened by the Court. (ECF Nos. 10 & 11).

According to the allegations of the Amended Complaint, on September 9, 2023,[1] Owens stopped at a Walmart Supercenter in Benton County, Arkansas, to purchase a few items before he headed to Chicago, Illinois. (ECF No. 7 at 4-5). At the time, he was driving a U-Haul truck. *Id.* Owens stated he had dropped off a shipment on the previous Friday at a Springdale business and was going to Chicago, Illinois to pick up a shipment. *Id.*

Owens was approached in the store by Defendants Samuel, Luke, and Scallon. (ECF No. 7 at 5). Owens was arrested and questioned by the officers regarding the breaking and entering and theft of money from registers at two Walmart stores. *Id.* Owens was advised that he met the description of the suspect which was: black male; 5'10" to 6'3" in height; 36-50 years old; with dreadlocks; and driving a U-Haul truck. *Id.* at 6 & 8. According to Owens, after he provided proof of his identification, he was informed that a Walmart associate, Gilverto Garcia, had found Owens' name in Walmart's database. *Id.* at 8.

Owens and Defendants Samuel, Luke, and Scallon, proceeded to the U-Haul truck and it was searched. (ECF No. 7 at 9). Various items including money and electronics were seized. *Id.* Owens was arrested and transported to the Lowell, Arkansas police station where he was given his Miranda rights and exercised his right to remain silent. *Id.* Owens was then transported to the Washington County Detention Center. *Id.* at 1 & 9.

---

[1] Owens also uses the date "Sunday, September 10, 2023." (ECF No. 7 at 4).

Owens brings several claims. He asserts he will show "falsified documents, false arrest, false imprisonment, and illegal detain[ment] and illegal stop, search & seizure." (ECF No. 7 at 10). In this regard, Owens first maintains he and the U-Haul were searched in violation of the Fourth Amendment. (ECF No. 7 at 4). Second, Owens maintains his rights were violated when he was arrested without a citation or warrant first being obtained. *Id.* at 10. He additionally alleges that the affidavit of probable cause for the issuance of the post-arrest warrant contained false statements made by Defendants Luke and Scallon. Moreover, Owens maintains the affidavit was legally deficient because it contained insufficient personal identifying information. *Id.* Specifically, he contends it contained no photographs, no social security number, no indication of where he lived, no signed Miranda statement, and no description of the cash and property seized.[2] *Id.* Finally, he alleges that Defendant Scallon continued to question him after he invoked his right to have an attorney present.[3] *Id.* at 9.

As relief, Owens seeks compensatory and punitive damages. (ECF No. 7 at 11). He also asks that Walmart be required to drop the criminal charges against him. *Id.* Finally, he seeks the return of his personal property. *Id.*

## II.   ANALYSIS

Publicly available Arkansas court records[4] establish that Owens was charged in the Washington County Circuit Court with two counts of breaking or entering, one count of theft of

---

[2] Owens refers to various exhibits in his Amended Complaint. However, he was advised on the court's form complaint that any exhibits or other materials sent in with the complaint would be returned unfiled.
[3] Initially, this claim appeared to be crossed out. (ECF No. 7 at 9). Upon further review, the Court believes the dark line through the claim was a result of the paper being folded to fit inside an envelope.
[4] The Court may take judicial notice of public records. *See e.g., Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005).

property of more than $1,000 but less than $5,000, and with a habitual offender enhancement. *State v. Owens,* 72CR-23-2066.[5] The amended criminal information indicates the crimes occurred on or about September 9, 2023, at the Walmart on Elm Springs Road (count 1) and at the Walmart on S. Pleasant Street (count 2). *Id.*

On August 1, 2024, a plea questionnaire was filed indicating Owens agreed to plead guilty to the two counts of breaking and entering and to theft of property. *Id.* The prosecuting attorney was going to recommend 120-days in the county jail plus 60 months suspended imposition of sentence ("SIS"), court costs, fines, and booking, DNA, and monthly fees. *Id.* A sentencing order was entered by the Judge Mark Lindsay that same day. *Id.* Owens was sentenced to 60 months SIS on each count and given 323 days of jail credit. *Id.* Owens was also subject to court costs, a fine, and various fees. *Id.*

### A. Claims barred by *Heck*

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.* at 486-87. This rule has been extended to cases in which declaratory and injunctive relief are sought. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *see also Rosendahl v. Norman,* 242 F.3d 376 (8th Cir. 2000) (applying *Heck* to claims for injunctive or declaratory relief). However, in the infamous footnote 7, the Supreme

---

[5] Arkansas Case Information. https://caseinfo.arcourts.gov/opad/case/72CR-23-2066 (last visited September 9, 2024).

Court provided an example of a claim that could proceed despite its holding. Specifically, the Supreme Court stated that *Heck* did not bar all claims of illegal search and seizure because such claims do not necessarily imply the invalidity of a conviction due to doctrines such as independent source, inevitable discovery, and harmless error. *Heck,* 512 U.S. at 487 n. 7.

Turning to Owens' claims, due to his conviction of the offenses on which he was arrested *Heck* bars his claims that he was arrested and detained without probable cause. Furthermore, the Court of Appeals for the Eighth Circuit has held that "conviction of the offense for which [Owens] was arrested is a complete defense to a § 1983 action asserting that the arrest was made without probable cause." *Malady v. Crunk,* 902 F.2d 10, 11 (8th Cir. 1990). For these reasons, Owens' false arrest, unlawful detention, and false imprisonment claims may not proceed.

Next, the Court must consider whether Owens' illegal search and seizure claims may proceed. In footnote 7 of the *Heck* opinion, the Supreme Court clarified that "[i]n order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck,* 512 U.S. at 487 n. 7 (citation omitted) (emphasis in original). Pursuant to footnote 7, Owens may not recover compensatory damages on his illegal search and seizure claims as he has alleged no injury other than his arrest, detention, and conviction, and his conviction has not been called into question..

### B. Deprivation of Property

Owens' has also requested return of the property seized from him. A § 1983 claim for deprivation of property is not cognizable if the deprivation is random, albeit intentional, if the state provides an adequate post deprivation remedy. The Due Process Clause of the Fourteenth

5

Amendment provides that '[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (*quoting* U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established state procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the State, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*. *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available).

Owens has several state law remedies. *Williams v. St. Louis Cty.,* 812 F.2d 1079, 1082 (8th Cir. 1987) ("a postdeprivation remedy is adequate if it simply affords the right to present a claim and be heard") (internal quotation marks and citation omitted). The State of Arkansas provides an adequate post-deprivation remedy, including motions for return of seized items, actions for conversion and replevin, and Owens does not allege such remedies were inadequate or that he pursued them. *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right); *Miller v. Gordon,* 285 S.W. 359, 359 (Ark. 1925) (replevin action for return of property—owner

6

may obtain judgment for return of property or if the property cannot be returned, a money judgment for the value of the property); Ark. Code Ann. § 18-60-804 (petition for delivery order); Ark. R. Crim. P. 15.2 (motion for return or restoration of seized things). For these reasons while Owens' claim for return of seized property is not barred by *Heck*, the claim is not cognizable under § 1983.

### C. The Coercive or Continued Questioning Claim

Coercive or continued questioning may violate several constitutional amendments including the Fifth Amendment, the Sixth Amendment, and the Fourteenth Amendment. While it appears Owens is asserting a Sixth Amendment violation has occurred, because he is acting *pro se* the Court has a duty to consider other possible constitutional violations that could be asserted under the facts alleged. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) ("if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework").

"The privilege against self-incrimination 'is an exception to the general principle that the Government has the right to everyone's testimony.'" *Salinas v. Texas,* 570 U.S. 178, 183 (2013) (quoting *Garner v. United States,* 424 U.S. 648, 658 n. 11 (1976)). The right to remain silent must be expressing invoked. *Salinas,* 570 U.S. at 183. In *Miranda*, the Supreme Court recognized an exception for the express invocation rule for "unwarned custodial interrogation." *Id.* at 184. In this case, Owens alleges he was given his *Miranda* warnings. Owens cannot prevail on a Fifth Amendment self-incrimination claim because Supreme Court has held that "[s]tatements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." *Chavez v. Martinez,* 538 U.S. 760, 767 (2003).

The Sixth Amendment protects an individual's right to have the assistance of counsel in his defense in all criminal prosecutions. U.S. Const. amend. VI. The Supreme Court has held that the Sixth Amendment is violated "when there was used against [a defendant] at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel." *Massiah v. United States,* 377 U.S. 201, 206 (1964). "[T]he Sixth Amendment right to counsel . . . attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois,* 406 U.S. 682, 688 (1972) (citations omitted). Adversary proceedings are commenced "by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* at 689. Owens alleges the questioning occurred at the time of his arrest which was before the criminal proceedings against him where initiated. Therefore, no Sixth Amendment constitutional violation occurred.

Finally, "[t]he Fourteenth Amendment provides that no person shall be deprived 'of life, liberty, or property, without due process of law.'" *Chavez,* 538 U.S. at 774 (quoting U.S. Const. amend. XIV). A conviction "based on evidence obtained by methods that are 'so brutal and so offensive to human dignity' that they 'shoc[k] the conscience" violate the Due Process Clause." *Id.* (quoting *Rochin v. California,* 342 U.S. 165, 172 (1952). Applying this standard to the allegations of the Amended Complaint, no Fourteenth Amendment violation exits.

### III. CONCLUSION

Accordingly, it is recommended that Owens' Motion to Reopen (ECF No. 12) be **DENIED** on the grounds the claims are either barred by *Heck* or are not cognizable under § 1983.

**Status of Referral: The referral will terminate upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 24th day of September 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE